CCML Holdings, LLC v Kalmenson (2025 NY Slip Op 50786(U))

[*1]

CCML Holdings, LLC v Kalmenson

2025 NY Slip Op 50786(U)

Decided on May 19, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 19, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570367/24

CCML Holdings, LLC, Petitioner-Landlord-Respondent,
against
Stuart Kalmenson, Respondent-Tenant-Appellant, and "Doe #1" and/or "Doe #2," Respondents-Undertenants.

Tenant, as limited by his briefs, appeals from those portions of an order of the Civil Court of the City of New York, New York County (Joan Rubel, J.), dated November 1, 2024, which denied his motions for partial summary judgment and for discovery in a holdover summary proceeding.

Per Curiam.
Order (Joan Rubel, J.), dated November 1, 2024, affirmed, with $10 costs.
This holdover proceeding, premised upon tenant's holding over after the expiration of his unregulated lease, is not subject to summary dismissal. While landlord will have the burden of proof at trial to prove that the apartment is not subject to rent regulation (see Pineda v Irvin, 40 Misc 3d 5, 6 [App Term, 1st Dept 2013]), tenant, as the party moving for summary judgment has the initial burden of showing the "entitlement to judgment as a matter of law by submitting evidentiary proof in admissible form" (see Duran v Commercial Mexicana Internacional, Inc., 217 AD3d 840, 841 [2023]). Here, the evidentiary proof submitted by tenant failed to establish the absence of material issues of fact as to whether the subject building, which was allegedly converted to a cooperative in 1986, was not subject to the post—1974 exemption from rent stabilization contained in 9 NYCRR § 2520.11 (l) (see Rapone v Katz, 30 Misc 3d 132[A], 2011 NY Slip Op 50043[U][App Term, 1st Dept 2011]).
Civil Court providently exercised its discretion in denying tenant's overbroad discovery requests, which sought extensive records about the operations of the building (see Kantor v Kaye, 114 AD2d 782 [1985]; see also Crandall v Equinox Holdings, Inc., 206 AD3d 552 [2022]; New York Univ. v Farkas, 121 Misc 2d 643 [Civ Ct, NY County 1983]).
Tenant's remaining contentions either relate to determinations made in prior unappealed orders which are not properly before this court or are without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 19, 2025